UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,

                                       **MEMORANDUM OF**
            -against-                  **DECISION AND ORDER**
                                       11-cv-06156 (ADS)

RITA A. PELT,

                            Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 E. Main Street
Suite 3
Smithtown, NY 11787
        By:    Liberatore Joseph Iannarone, Esq.
                 Dolores M. Iannarone, Esq., Of Counsel

**Rita A. Pelt**
*Pro Se Defendant*
50 Charles Lindbergh Boulevard
Uniondale, NY 11553

**SPATT, District Judge.**

        On December 19, 2011, the United States of America ("United States") commenced this action against the Defendant Rita A. Pelt, seeking to recover the outstanding debt allegedly owed to the U.S. Department of Education on the Defendant's student loans, including pre-judgment and post-judgment interest and administrative costs. Presently before the Court is the Plaintiff's motion for summary judgment, and Defendant's cross-motion to dismiss. For the reasons set forth below, the Plaintiff's motion for summary judgment is granted in part and denied in part, and the Defendant's motion to dismiss is denied.

## I. BACKGROUND

Between October 12, 1989 and January 17, 1992, the Defendant allegedly executed a number of promissory notes to secure student loans in order to attend CUNY Law School. The loans sought to be enforced are bundled by the United States into three groups.

CDCS Number 2011A76433 consists of seven loans under the Perkins Student Loan program, totaling $6,600 at 5.00 percent interest per annum. The Defendant allegedly defaulted on November 1, 2000. According to a Certificate of Indebtedness ("COI") submitted by the Plaintiff, signed by United States Department of Education ("Department") Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $10,403.54 in principal and interest, with interest accruing at $0.89 per day thereafter. (Def. Motion Ex. D).

CDCS Number 2011A76486 consists of two loans under the Stafford Student Loan program, totaling $8,000 at a variable rate of interest. The Defendant allegedly defaulted on January 2, 1996. According to a COI submitted by the Plaintiff, signed by Department Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $21,647.20 in principal and interest, with interest accruing at $1.03 per day until June 30, 2012, and at a rate to be determined by the Department of Education thereafter. (Def. Motion Ex. F).

CDCS Number 2011A76504 consists of three loans under the Stafford Student Loan program, totaling $23,000 at 7.00 percent interest per annum. The Defendant allegedly defaulted on January 2, 1996. According to a COI submitted by the Plaintiff, signed by Department Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $36,848 in principal and interest, with interest accruing at $3.57 per day thereafter. (Def. Motion for Sum. Judg. Ex. H).

On December 19, 2011, the United States commenced this action against Pelt to recover the debt owed to the United States. On, March 7, 2012, the Defendant filed her answer. On July 16, 2012, the Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. In addition, on August 10, 2012, the Defendant cross-moved to dismiss pursuant Fed. R. Civ. P. 12(b).

## II. DISCUSSION

### A. Legal Standard

**1. Legal Standard on a Motion for Summary Judgment**

It is well-settled that summary judgment under the provisions of Fed. R. Civ. P. 56(c) is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" within the meaning of Fed. R. Civ. P. 56 when its resolution "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam), and Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989)). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)).  However, the nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party.  Matsushita, 475 U.S. at 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538.  Summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case."  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

### 2. Legal Standard on a Post-Answer Motion to Dismiss

Though the Defendant has styled her motion as a motion to dismiss under Rule 12(b), because the Defendant filed an answer before filing her motion to dismiss, the motion must be deemed a motion for judgment on the pleadings pursuant to Rule 12(c).  Steadman v. Mayo, No. 09-CV-5154, 2012 WL 1948804, at *2 (S.D.N.Y. March 27, 2012) ("Since defendants served and filed an answer to the amended complaint along with their motion to dismiss, technically the motion seeks judgment on the pleadings under Rule 12(c)."); D'Attore v. New York City, No. 10-CV-3102, 2011 WL 3629166, at *2 (S.D.N.Y. June 2, 2011) ("Because defendants served and filed an answer to the complaint prior to their motion to dismiss, the motion must be deemed one for judgment on the pleadings under Rule 12(c).").

The standard for a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss pursuant to Rule 12(b).  Steadman, 2012 WL 1948804, at *2 ("The standards for such a [Rule 12(c)] motion are the same as those applicable to motions to dismiss under Rule 12(b)(6).") (citing Wachovia Corp. v. Citigroup, Inc., 634 F.Supp.2d 445, 450 (S.D.N.Y. 2009) (quoting Cleveland v. Caplaw Enters., 448 F.3d 518, 520 (2d Cir. 2006))); Stephens v. Maxx Properties, No. 11-CV-2575, 2012 WL 1949339 at *2

4

(E.D.N.Y. May 29, 2012) ("A motion for judgment on the pleadings pursuant to Rule 12(c) is assessed under the same standard applicable to a pre-answer motion to dismiss for failure to state a claim.") (citing Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010)).

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 570 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. at 72 (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007). Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal

5

pursuant to Rule 12(b)(6). Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. at 113.

**B. As to Subject Matter Jurisdiction**

As an initial matter, the Defendant asserts that this Court lacks subject matter jurisdiction because the amount demanded by the Plaintiff does not meet the "amount in controversy" requirement. This argument is without merit. The "amount in controversy" requirement applies to diversity jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction in the instant case pursuant to 28 U.S.C. § 1345, which states that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." As such, any deficiency in the amount in controversy is irrelevant to this Court's jurisdiction.

**C. As to Personal Jurisdiction and Improper Service of Process**

Next, the Defendant argues that this Court lacks personal jurisdiction over her, as she asserts that she was not properly served. The Affidavit of Service annexed to the Plaintiff's

summary judgment motion as Exhibit J indicates that process was served at the Defendant's home on a woman with white skin and brown hair. The Defendant states that she has black skin and brown hair, and that no person matching the process server's description has ever been in her home.

The Court need not reach the merits of the Defendant's assertion. According to Fed. R. Civ. P. 12(h)(1), a defense of insufficiency of process is waived if it is not promptly asserted by motion or in the responsive pleading. Fed. R. Civ. P. 12(b) clearly states that a defense of insufficiency of process, if made by motion as opposed to in a pleading, "must be made before pleading if a responsive pleading is allowed." The Defendant in this instance filed no pre-answer motion, but did file a responsive pleading—namely, her answer. Therefore, she was required to assert this defense in the answer itself. See Overseas Private Inv. Corp. v. Furman, No. 10-CV-7096, 2012 WL 967458, at *5 (S.D.N.Y. March 14, 2012) ("Accordingly, because Defendant Furman failed to raise the defense of insufficient service of process in his Answer or by pre-answer motion, he has waived this defense pursuant to Rule 12(h)(1)(B) of the Federal Rules of Civil Procedure."); ESPN, Inc. v. North Pole, Ltd., No. 08-CV-9483, 2009 WL 176624, at *4 (S.D.N.Y. Jan. 22, 2009) ("by failing to object to the propriety of service in its answer, has waived its right to assert such a claim."); dela Rosa ex rel. dela Rosa v. 610-620 West 141 LLC, No. 08-CV-8080, 2009 WL 1809467, at *1 FN. 1 (S.D.N.Y. June 24, 2009) ("West 141 waived any objection to the propriety of service by failing to assert such a claim in its answer."); Ohlson v. Cadle Co., Inc., No. 04-CV-3418, 2009 WL 5167652, at *1 (E.D.N.Y. Dec. 18, 2009) ("Rule 12(h)(1) of the Federal Rules of Civil Procedure provides that the defenses of lack of personal jurisdiction, insufficient process or insufficient service of process, among others, are waived if not raised either in a Rule 12 motion or in a responsive pleading.").

The Defendant's answer only generally asserts that this Court has no jurisdiction over this matter. An assertion of lack of personal jurisdiction over the Defendant, without an unambiguous allegation of improper service of process, is insufficient to preserve the defense of improper service. Federal Home Loan Mortgage v. Dutch Lane Assocs., 775 F. Supp. 133, 137 (S.D.N.Y. 1991) ("Consequently, we conclude that the raising of a "lack of personal jurisdiction" defense does not, under Rule 12, concurrently raise or preserve an insufficiency of service of process defense."); Overseas Private Inv. Corp. v. Furman, No. 10 Civ. 7096, 2012 WL 967458, at *5 ("Although Defendants' Answer—filed prior to Defendant Furman's motion—alleges generally that "[t]he Court lacks jurisdiction over the person of defendant Gennady Furman", such an allegation is insufficient to preserve the distinct defense of improper service of process.") (citing Santos v. State Farm Fire and Casualty Co., 902 F.2d 1092, 1096 (2d Cir. 1990) ("A defendant cannot justly be allowed to lie to wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect."); Goldstein v. Laurent, No. 09-CV-2437, 2010 WL 4237582, at *2 (S.D.N.Y. Oct. 15, 2010) (finding defendants had waived the defense of insufficient service of process where the answer alleged merely that "the court does not have jurisdiction over the person of the defendants")); Ohlson v. Cadle Co., Inc., No. 04 Civ. 3418, 2009 WL 5167652, at *1 (E.D.N.Y. Dec. 18, 2009) (finding defense of insufficient process waived where the "Defendants raised the defense of lack of personal jurisdiction in their answers, [but] they did not raise insufficient service of process."). What references do exist to "notice" in the Defendants answer are far from unambiguous, and appear to refer to pre-action monetary demands and notices, rather than the service of process required post-commencement of the action.

As such, the Defendant has waived any defense of improper service of process.

**D. As to Laches**

In her motion, the Defendant also appears to assert the equitable defense of laches. "[Laches] is an equitable defense that bars a plaintiff's equitable claim when he [or she] is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." Ikelionwu v. U.S., 150 F.3d 233, 237 (2d Cir. 1998) (internal quotations and citations omitted). Pelt contends that the Plaintiff's decision to wait to bring suit until 20 years after the original loans were executed puts Pelt at a significant disadvantage. Pelt argues that after such an extended period of time it is difficult to procure contemporary institutional records (or records of her own) that might support her case.

While this Court understands the Defendant has had difficulties in defending this action, Congress has enacted stringent requirements for student loan recipients. The Higher Education Technical Amendments of 1991 ("HETA"), 20 U.S.C. § 1091a, eliminates any applicable statutes of limitation in student loans cases. U.S. v. Kadoch, No. 96-CV-4720, 2012 WL 6772006, at *3 (E.D.N.Y. Sept. 17, 2012) ("The government is correct that HETA abrogated the statute of limitations for the collection of federally insured student loans that are in default.") (citing U.S. v. Holmes, No. 01-CV-935, 2002 WL 570889, at *3, n. 2 (N.D.N.Y. April 10, 2002).

Virtually every Court that has addressed the issue has ruled that Congress also intended to eliminate the defense of laches in student loans cases. Id., ("Similarly, the government is correct that Mr. Kadoch may not receive cover from the equitable defense of laches"); U.S. v. Husbands, No. 11–CV–475, 2012 WL 1714864, at *3 (E.D.N.Y. May 15, 2012) ("Nor can defendant prevail based of the equitable defense of laches.") (citing U.S. v. Litts, No. 99-CV-120 JCH, 2000 WL 435484, at *3 (D. Conn. Feb. 23, 2000) ("The overwhelming majority of courts

9

have rejected the claim [of laches] as a defense to federally financed student loans.); U.S. v. Lawrence, 276 F.3d 193, 196 (5th Cir.2001) (joining other circuits that have addressed the issue and holding that the 1991 amendments to the Higher Education Act "also extend[ ] to eliminate the equitable defense of laches")). Therefore, the laches defense by the Defendant is rejected.

**E. As to the Perkins Loans**

The United States seeks a total of $10,403.54 it alleges the Defendant owes due to promissory notes executed under the Perkins Student Loan program. This total represents the principal owed, plus 5.00 percent interest per annum, minus any payments the Defendant has made.

As proof that the Defendant took out the loans at issue and of the alleged amount, the United States submits several Perkins Loan promissory notes, all bearing Pelt's signature. (Def. Motion Ex. E). The Defendant does not contest that she executed the Perkins promissory notes, the amount, or that she received the Perkins funds.

In support of its claim that the Defendant has not paid the Perkins loans in full, the United States has submitted a COI, sworn by loan analyst Michael Illes. According to the COI, the Defendant defaulted on November 1, 2000, and, as of July 20, 2011, owes the United States $6,500.93 in principal (which includes previously capitalized interest) and $3,902.61 in interest. (Def. Motion Ex. D).

In general, the United States may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness. Kadoch, 2012 WL 6772006, at *4 ("Promissory notes and COIs constitute sufficient proof that the Defendant defaulted on his student loan debt") (internal quotations and citations omitted); U.S. v. Whitaker, No. 09-CV-2983, 2011 WL 5856482, at *2 (E.D.N.Y Nov.

10

21, 2011) ("As proof that Whitaker took out the loan at issue, the United States attaches loan origination documents… As proof that Whitaker has not paid this loan in full, the United States attaches a Certificate of Indebtedness from the Department of Education."); U.S. v. Wiley, No. 10-CV-2106, 2011 WL 5513180, at *2 (E.D.N.Y. Nov. 10, 2011) ("As proof that Wiley took out the loan in question, plaintiff has provided loan origination documents bearing Wiley's signature. As proof that Wiley has not re-paid the loan, plaintiff has provided a Certificate of Indebtedness from the Department of Education"); U.S. v. Dennis, No. 11-CV-585, 2012 WL 2264271, at *3 (E.D.N.Y. June, 18 2012) ("As proof that defendant took out the loan at issue, plaintiff attaches a copy of the… Promissory Note.") U.S. v. Brow, No. 01-CV-4797, 2011 WL 2845300, at *3 (E.D.N.Y. July 13, 2011) ("As proof that Brow took out the loans, the United States attaches loan origination documents from Rutgers University for the loans in question bearing Brow's name and signature. And, as proof that Brow has not paid these loans in full, the United States attaches a Certificate of Indebtedness")

When these documents are uncontested, courts in this Circuit have usually held that they are sufficient to justify granting summary judgment. Kadoch, 2012 WL 6772006, at *4 ("Promissory notes and COIs "constitute sufficient proof that the Defendant defaulted on his student loan debt to justify summary judgment where the defendant fails to allege facts contesting the default.") (internal quotations and citations omitted); Wiley, 2011 WL 5513180, at *2 ("Wiley has not contested the authenticity of these documents, and such documents can constitute sufficient proof of a loan default."); Dennis, 2012 WL 2264271, at *3 (granting summary judgment where the "Defendant does not contest that her signature appears on these documents, and does not dispute that she received the money from the loan."); Brow, 2011 WL 2845300, at *3 ("Brow does not contest the authenticity of these documents, or the fact that he

11

took out the 1982–1983 loans and failed to pay them back, in any of his many submissions to the court. Such evidence can constitute sufficient proof that a defendant has defaulted on his student loan debt.").

The Defendant states that she "believe[s] these were paid." While the Defendant may think that she might have repaid her Perkins loans, this unsupported belief is insufficient to justify denial of summary judgment. Kadoch, 2012 WL 6772006, at *4 ("'After this showing is made, the party asserting the defense of repayment must 'present evidence supporting his [or her] defense of repayment....'") (quoting U.S. v. Whittlesey, No. 09 CV 1726, 2010 WL 1882283, at *3 (D. Conn. May 11, 2010).

Therefore, the Plaintiff has sufficiently established that the Defendant took out the Perkins Loans in question and that the debt remains unpaid. The Defendant admits that she took out the loans, and can provide no evidence (or even certainty of belief) that she paid them. As such, the Plaintiff's motion for summary judgment is granted with respect to the Perkins Loans.

**F. As to the Stafford Loans**

The United States seeks a total of $58,495.23 it alleges the Defendant owes due to promissory notes executed under the Stafford Student Loan program. This total represent the principal owed, plus interest, minus any payments the Defendant has made.

As proof that the Defendant took out the loans at issue and of the alleged amount, the United States submits several Stafford Loan promissory notes, all bearing what appears to be Pelt's signature. (Def. Motion Exs. G & I). The Defendant contests the validity of the Stafford promissory notes, and states that she never received any of the Stafford funds.

In support of its claim that the Defendant has not paid the Stafford loans in full, the United States has submitted COIs, sworn by loan analyst Michael Illes. According to the COIs,

the Defendant defaulted on January 2, 1996, and, as of July 20, 2011, owes the United States $29,647.18 in principal (which includes previously capitalized interest) and $28,848.05 in interest. (Def. Motion Exs. F & H).

Courts in this district have generally granted summary judgment in student loans cases only when the validity of the promissory notes and the amount dispersed is not genuinely contested. Dennis, 2012 WL 2264271, at *4 ("In response to the plaintiff's evidence, defendant has submitted no evidence to show that there exists a genuine issue of material fact in dispute."); Brow, 2011 WL 2845300, at *3 (E.D.N.Y. July 13, 2011) (granting summary judgment where the Defendant contested neither the authenticity of the Plaintiff's evidence nor the fact that he took out the loans and failed to pay them back); Wiley, 2011 WL 5513180, at *2 (granting summary judgment where Defendant did not contest the authenticity or validity of the Plaintiff's supporting documents).

Here, however, the Defendant asserts that she never received any funds from the Stafford Loans, and she raises a significant issue in this regard. In each of the Stafford promissory notes, the section that would indicate the total amount approved by the lender has either been altered, left blank, or is simply illegible due to exceptionally poor photocopying. While the Stafford Loan Applications do appear to be promissory notes executed by the Defendant, this Court finds that there is a genuine issue of material fact as to the amount the loans were approved for, if any amount was approved at all.

The Stafford promissory notes, which do appear to contain the Defendant's signature, and the COIs submitted by the Plaintiff contain allegations of fact sufficient to state a claim for relief that is plausible on its face, and as such, the Defendants motion for judgment on the pleadings is denied. However, a genuine issue of material fact remains as to the amount of funds disbursed,

13

if any, and so the Plaintiff's summary judgment motion with respect to the Stafford Loans is also denied.

**G. As to Costs and Damages**

The United States also seeks recovery of costs, particularly $350 in filing fees. However, the overwhelming majority of courts in this Circuit have denied awarding the court's $350 filing fee because the United States is not required to pay any such fee. Wiley, 2011 WL 5513180, at *3 ("The cost of the Court's $350 filing fee will not be awarded because the United States was not required to pay, and did not pay, that fee."); U.S. v. Freeman, No. 09-CV-4036, 2010 WL 3522812, at *2 (E.D.N.Y. July 26, 2010) ("The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any filing fee."); U.S. v. Benain, No. 11-CV-2307, 2011 WL 5904667, at *1-2 (E.D.N.Y. Nov. 23, 2011) ("Plaintiff's request for reconsideration of the portion of the Order denying its request for $350 is denied."); U.S. v. Zdenek, No. 10-CV-5566, 2012 WL 1207205, at *2 (E.D.N.Y. April 9, 2012) ("However, as this Court stated in its Memorandum and Order, courts in the Eastern District of New York regularly deny requests by the United States for costs equal to the amount of filing fees that were never paid.") (citing United States v. Hinds, No. 11-CV-0169, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011); United States v. Garcia, 10-CV-5658, 2011 WL 2194023, at *2 (E.D.N.Y. May 11, 2011)).

Therefore, the Plaintiff's request for $350 as reimbursement for a filing fee it did not pay is denied. However, the $30 service fee is substantiated by an invoice from Tri-State Judicial Services, Inc., and is granted. Freeman, 2010 WL 3522812, at *2 ("The $50 service fee, on the

14

other hand, is substantiated by an invoice from Federated Legal Services, Inc., and that amount should be awarded.").

The Certificate of Indebtedness related to the Perkins loans establishes that, as of July 20, 2011, the Defendant owed (1) $6,500.93 in unpaid principal; (2) $3,902.61 in unpaid interest; and (3) additional interest, at a rate of $0.89 per day. (Def. Motion Ex. D). Thus, the Court finds that the Plaintiff is entitled to a partial money judgment including costs of $10,433.54, plus $0.89 per day from July 20, 2011 until the day judgment is entered, to be calculated by the Clerk of the Court. Finally, the Court finds that the Plaintiff is entitled to post-judgment interest "calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" and "computed daily to the date of payment". 28 U.S.C. § 1961.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is denied; and it is further

**ORDERED**, that the Plaintiff's motion for summary judgment with respect to the Defendant's Stafford loans, CDCS Number 2011A76486 and CDCS Number 2011A76504, is denied; and it is further

**ORDERED**, that the Plaintiff's motion for summary judgment with respect to the Defendant's Perkins loans, CDCS Number 2011A76433, is granted; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter a partial judgment in favor of the United States in the principal amount of $6,500.93, plus interest in the amount of $3,902.61,

15

plus costs of $30, for a total sum of $10,433.54, plus $0.89 per day from July 20, 2011 until the day judgment is entered, to be calculated by the Clerk of the Court; and it is further

**ORDERED**, that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this order as well as the Judgment on the Defendant at the above listed address by certified mail, return receipt requested, and it is further

**ORDERED**, that the parties are directed to appear before the Court on April 1, 2013, at 9:00am, to set a date for trial on the Plaintiffs' remaining claims.

**SO ORDERED.**

Dated: Central Islip, New York
       March 18, 2013

                                            ___/s/ Arthur D. Spatt_____
                                              ARTHUR D. SPATT
                                            United States District Judge