FILED
CLERK
10/28/2013 7:09 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,

        -against-                  **MEMORANDUM OF**
                                                    **DECISION AND ORDER**
RITA A. PELT,                                  11-cv-06156 (ADS)

                            Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 E. Main Street
Suite 3
Smithtown, NY 11787
        By:    Liberatore Joseph Iannarone, Esq.
                 Dolores M. Iannarone, Esq., Of Counsel

**Rita A. Pelt**
*Pro Se Defendant*
50 Charles Lindbergh Boulevard
Uniondale, NY 11553

**SPATT, District Judge.**

        On December 19, 2011, the United States of America ("United States" or the "Plaintiff") commenced this action against the *pro se* Defendant Rita A. Pelt (the "Defendant") seeking to recover the outstanding debt allegedly owed to the U.S. Department of Education on the Defendant's student loans. In an order dated March 18, 2013 (the "Summary Judgment Order"), the Court (1) denied the Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c); (2) granted in part and denied in part the Plaintiff's motion for summary judgment; and (3) directed the parties to appear before the Court on April 1, 2013 at 9:00 a.m. to set a date for the trial on the Plaintiff's remaining claims. On

1

March 22, 2013, partial judgment was entered in favor of the Plaintiff in accordance with the Summary Judgment Order.

After the Defendant failed to appear for the April 1, 2013 conference, the Plaintiff moved orally for an order entering default against the Defendant on the remainder of the case. The Court granted the Plaintiff's motion, and judgment to this effect was entered on April 12, 2013.

Presently pending before the Court is the Defendant's motion to (1) vacate the default judgment under Fed. R. Civ. P. 60(1); (2) stay the partial judgment entered on March 22, 2013; and (3) reconsider the Summary Judgment Order dated March 18, 2013. For the following reasons, the Court grants in part and denies in part the Defendant's motion.

## I. BACKGROUND

Between October 12, 1989 and January 17, 1992, the Defendant allegedly executed a number of promissory notes to secure student loans in order to attend CUNY Law School. The loans sought to be enforced are bundled by the United States into three groups.

CDCS Number 2011A76433 consists of seven loans under the Perkins Student Loan program, totaling $6,600 at 5.00 percent interest per annum. The Defendant allegedly defaulted on November 1, 2000. According to a Certificate of Indebtedness ("COI") submitted by the Plaintiff, signed by United States Department of Education ("Department") Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $10,403.54 in principal and interest, with interest accruing at $0.89 per day thereafter.

CDCS Number 2011A76486 consists of two loans under the Stafford Student Loan program, totaling $8,000 at a variable rate of interest. The Defendant allegedly defaulted on January 2, 1996. According to a COI submitted by the Plaintiff, signed by Department Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $21,647.20

in principal and interest, with interest accruing at $1.03 per day until June 30, 2012, and at a rate to be determined by the Department of Education thereafter.

CDCS Number 2011A76504 consists of three loans under the Stafford Student Loan program, totaling $23,000 at 7.00 percent interest per annum. The Defendant allegedly defaulted on January 2, 1996. According to a COI submitted by the Plaintiff, signed by Department Loan Analyst Michael Illes, as of July 20, 2011, the Defendant still owes the United States $36,848 in principal and interest, with interest accruing at $3.57 per day thereafter.

On December 19, 2011, the United States commenced this action against Pelt to recover the debt owed to the United States. On, March 7, 2012, the Defendant filed her answer. On July 16, 2012, the Plaintiff moved for summary judgment pursuant to Fed. R. Civ. P. 56. In addition, on August 10, 2012, the Defendant cross-moved to dismiss pursuant Fed. R. Civ. P. 12(b).

In the Summary Judgment Order dated March 18, 2013, the Court (1) denied the Defendant's motion to dismiss, treated as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); (2) granted in part and denied in part the Plaintiff's motion for summary judgment; and (3) directed the parties to appear before the Court on April 1, 2013 at 9:00 a.m. to set a date for trial on the Plaintiffs' remaining claims.

Relevant here, the Court rejected the Defendant's argument that the Court lacked subject matter jurisdiction. The Court further held that the Defendant waived any defense of lack of personal jurisdiction based on insufficiency of process because the Defendant's answer did not unambiguously specify this defense. For these reasons, the Court denied the Defendant's motion for judgment on the pleadings.

With respect to the Plaintiff's motion for summary judgment, the Court found that the Plaintiff "sufficiently established that the Defendant took out the Perkins Loans in question and

that the debt remains unpaid." Accordingly, the Court granted the Plaintiff's motion for summary judgment as to the Perkins Loans.

However, with respect to the Stafford Loans, the Court held that "a genuine issue of material fact remains as to the amount of funds disbursed, if any." Thus, the Court denied the Plaintiff's motion for summary judgment as to the Stafford Loans.

On April 1, 2013, the Defendant failed to appear for the conference scheduled for that day. The Court called the Defendant's office and left a voice message and sent her an email requesting that she contact the Court regarding her whereabouts. The Plaintiff moved orally for the Court to enter a default on the remainder of the case. The Court granted that motion.

Thereafter, the Plaintiff served on the Defendant notice of the order granting a default on the remainder of the case. However, the Plaintiff did not obtain a Certificate of the Clerk of the Court noting the default. On April 12, 2013, a default judgment was entered in favor of the Plaintiff on the remainder of the case.

On May 7, 2013, the Defendant moved to (1) vacate the default judgment; (2) stay the partial judgment entered on March 22, 2013; and (3) reconsider the Summary Judgment Order. The Plaintiff opposes that motion.

## II. DISCUSSION

A. <u>As to Vacatur of the Default Judgment</u>

The entry of default is governed by Rule 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, see <u>Pinaud v. Cnty. of Suffolk</u>, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) (describing "the entry of a default" as "largely a formal matter" (internal quotation

marks omitted)), a district judge also possesses the inherent power to enter a default, see Beller & Keller v. Tyler, 120 F.3d 21, 22 n. 1 (2d Cir. 1997).

"Under Rule 55(b), a default judgment ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances provided for by the rule and not present here." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128-29 (2d Cir. 2011). Finally, Rule 55(c) allows the court to set aside a default judgment "[f]or good cause shown," in accordance with Rule 60(b).

The Local Civil Rule 55.2(b) for the Eastern District of New York provides that, to obtain a default judgment by the Court, the non-defaulting party must "append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

In addition, the Court has its own rules regarding default judgments. Rule VI of the Court's individual rules provides:

> Any plaintiff making a motion for a default judgment shall serve a copy of the motion on the Defendant in default in the manner provided for by Rules 5(b) and (d) of the Federal Rules of Civil Procedure. No default judgment will be granted in the absence of a certificate of service indicating that the application has been served on the Defendant in default. <u>A motion for default judgment may not be made until a Certificate of the Clerk of the Court noting the default has been obtained</u>. All motions for a default judgment must include the Certificate of the Clerk of the Court noting the default and a proposed default judgment.

(emphasis added).

While nothing in Rule VI prohibits defaults on an oral application or for failure to appear at a conference, Rule VI makes clear that a default judgment cannot be entered in the absence of a Certificate of the Clerk of the Court noting the default. No such Certificate was issued in this case. Accordingly, the Court vacates the default judgment entered on April 18, 2013.

5

However, the Court declines to vacate the underlying default against the Defendant entered on April 1, 2013. Rule 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."

Here, the Court finds that the Defendant, by not appearing for the April 1, 2013 conference, failed to defend against the Plaintiff's claims. The Plaintiff proffers the following reasons for her failure to appear at the conference:

> Regarding the default judgment, I left New York for Hawaii on March 20, 2013. I arrived in Hawaii without access to my emails. On April 1, 2013 while still in Hawaii, I received a call from [the courtroom deputy] regarding the matter. Due to the time difference, I was not able to return the call until April 2, 2013. Even when I was eventually able to get my emails on my tablet and cell phone, I was not able to open the pacer link. Therefore, I never receive[d] the Decision and Order which contained the notice of the April 1, 2013 conference. I returned to New York on the morning of April 5, 2013 and saw the Memorandum of Decision and Order.

(Def's Affirm, at 1-2.)

The Court finds this explanation legally insufficient. The Summary Judgment Order directing the parties to appear on April 1, 2013 hearing was electronically entered on the docket on March 18, 2013, two days prior to the Defendant's departure to Hawaii. The Court also notes that while the Defendant allegedly received notice of the Summary Judgment Order and the default on April 5, 2013, she did not move to vacate the default and/or default judgment until May 7, 2013, when she moved to reconsider the Summary Judgment Order. Under these circumstances, the Court identifies no reason to disturb its prior determination granting the Plaintiff's oral application to enter a default on the remainder of the case.

B. As to Reconsideration of the Summary Judgment Order

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In this case, the Defendant seeks reconsideration of the Summary Judgment Order, reasserting that the Court lacks personal jurisdiction over her because she was not properly served after commencement of this action. As noted above, the Court previously found that the Defendant waived this defense because her "answer only generally assert[ed] that this Court has no jurisdiction over this matter." The Court declines to disturb this determination. Federal Home Loan Mortgage v. Dutch Lane Assocs., 775 F. Supp. 133, 137 (S.D.N.Y. 1991) ("Consequently, we conclude that the raising of a "lack of personal jurisdiction" defense does not, under Rule 12, concurrently raise or preserve an insufficiency of service of process defense.")

To the extent the Defendant raises arguments regarding her Stafford Loans, the Court declines to consider these arguments because the Defendant is in default on these claims. Because the Court denies the Defendant's request for reconsideration of the Summary Judgment Order, the Court also denies the request for a stay of the partial judgment entered on March 22, 2013 based on the Summary Judgment Order.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Defendant's motion to vacate the default judgment entered on April 12, 2013 is granted in part to the extent that the judgment is vacated and denied in part to the extent the underlying default entered on April 1, 2013 remains in effect; and it is further

**ORDERED,** that the Plaintiff is directed to file within 10 days of the date of this order a (1) signed copy of a Clerk's Certificate of Default noting the default of the Defendant; and (2) new proposed order of default judgment against the Defendant; otherwise, the Court will vacate the underlying default; and it is further

**ORDERED,** that the Defendant's motion to reconsider the Summary Judgment Order dated March 18, 2013 and to stay the partial judgment entered on March 22, 2013 is denied.

**SO ORDERED.**

Dated: Central Islip, New York
October 28, 2013

                                                       _Arthur D. Spatt_
                                                      ARTHUR D. SPATT
                                                   United States District Judge